## John M. Sprague et al.

### v.

## Warren S. Noble et al.

CREDITOR'S BILL—CONVEYANCE IN FRAUD OF CREDITORS.—T. executed to R. and D. his promissory note with warrant of attorney for $2,000, upon which judgment was confessed three days after its execution, and T.'s property levied upon and sold under the judgment. At the time of giving the note T. was not indebted to the payees, R. and D., but there was a contingent liability to them by reason of being securities on certain bonds executed by T. as principal. *Held*, that the judgment of R. and D., to be valid against claims of creditors of T., must have been founded upon a pre-existing indebtedness; that there being nothing due them, the proceeding was a fraud upon the creditors of T., and as to them a nullity; that the money in the hands of the sheriff having arisen from a sale of T.'s goods under the judgment, and not deposited with him to indemnify R. and D. for being security on T.'s bonds, could not be held for that purpose as against T.'s creditors.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed May 2, 1879.

Messrs. HALEY & O'DONNELL, for appellants.

Mr. GEORGE S. HOUSE, for appellees.

SIBLEY, J. A creditor's bill was here filed by John Sprague and Ezra Warner, setting up that Nicholas D. Tighe, on the 25th of June, 1877, executed a promissory note to John Ryan and William Davidson for the sum of $2,000, payable one day after its date. Accompanying this note was a power of attorney to confess judgment upon it. Afterward, on the 27th of June, judgment was confessed in the Will Circuit Court for the amount of the note and interest.

Previous to the confession, the date of the note was, by consent of the parties to it, changed to the 20th of June. An execution issued on the judgment, and by Warren S. Noble, sheriff of the county, was levied June 27th, 1877, upon a stock of goods belonging to Tighe, and on the 9th of July following the sheriff sold the goods for $1040. A portion of this sum still remained in his hands undisposed of. It is further stated that the note was executed by Tighe to the payees without any consideration, for the purpose of delaying the creditors of Tighe in the collection of their debts.

At the time of the execution of this note Tighe was indebted to the complainants in a considerable amount, upon which indebtedness they on the 5th of July, 1877, recovered a judgment against him for $105.01.

The next day an execution issued upon this judgment, and was placed in the hands of the sheriff to execute, but has never been satisfied, although the sheriff had remaining in his hands from the proceeds of the sale of the stock of goods owned by Tighe, the sum of $400, out of which the complainants insist their execution should be satisfied.

On the hearing of the cause Ryan testified that Tighe voluntarily gave him the note upon which judgment was afterwards confessed in his and Davidson's favor, and at that time Tighe did not owe him anything, except a bill of about seventy dollars, which was subsequently paid. Davidson's testimony was that he knew nothing about the giving of the note by Tighe until Ryan told him of it, and that Tighe at the time was not indebted to him. It also appeared in evidence that both

Ryan and Davidson had become security for Tighe upon some official bonds, but neither of them were able to state that they would be called upon to pay anything on account of their suretyship.

Upon this state of facts the Circuit Court denied the relief sought, and dismissed the complainant's bill. From that decree an appeal was taken, and this court is now asked to reverse it, and direct the sheriff to satisfy the complainant's execution out of the moneys in his hands derived from the sale of Tighe's goods, which we think should be done. Counsel for appellees claim that Tighe was a defaulter to a large amount, and Ryan and Davidson, with others, his securities on bonds now in litigation, judgment having been already rendered against a co-security for more than ten thousand dollars, and that the sheriff ought to be allowed to hold the money in his hands as a deposit, to indemnify Ryan and Davidson in case they should be held liable to pay by way of contribution or otherwise.

To the first proposition it is sufficient to observe that the record is destitute of any such proof as indicated; and as to the second, the answer may be that the money was not placed with the sheriff to hold as a deposit, but collected by him on an execution issued from a judgment confessed upon a note, voluntarily executed to the payees without any existing indebtedness. The difference between money thus obtained, and a deposit placed in the hands of another, by way of indemnity, is obvious enough. The judgment, in order to affect creditors, must have been founded upon a pre-existing debt due. Revised Laws 1874, § 66, Ch. 110, p. 782. In the present instance, there having been nothing due the payees of the note at the time it was given, nor when the judgment was confessed, the whole proceeding was a fraud upon the creditors of Tighe, and as to them must be treated as a nullity.

The decree is therefore reversed, with direction to the Circuit Court of Will county to enter a decree directing the defendant, Warren S. Noble, to pay and satisfy the complainant's execution against Nicholas D. Tighe, delivered to him out of the money in his hands derived from the sale of Tighe's stock of goods.                            Decree reversed.